Case No. 22-16252

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## LTC (BVI) LIMITED,
*Plaintiff/Appellee,*

*v.*

## BRAUNHAGEY & BORDEN LLP,
*Defendant/Appellant.*

---

On Appeal from the United States District Court for the Northern District of California, Case No. 4:22-cv-03481-YGR, the Honorable Yvonne G. Rogers

---

## APPELLEE'S MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES ON APPEAL TO THE DISTRICT COURT, OR IN THE ALTERNATIVE, REQUEST FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT

---

**SHARTSIS FRIESE LLP**
Joel Zeldin (Bar #51874)
JZeldin@sflaw.com
Frank Cialone (Bar # 172816
FCialone@sflaw.com
Sanjeet S. Ganjam (Bar #285615)
SGanjam@sflaw.com

One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598
Telephone: (415) 421-6500; Facsimile: (415) 421-2922

*Attorneys for Plaintiff/Appellee LTC (BVI) Limited*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.............2

III. ARGUMENT...............................................................................4

    A.    LTC Is Entitled To Recovery Of Its Attorneys' Fees In The Federal Action. ...................................................................4

    B.    The District Court Is Better Positioned To Evaluate The Reasonableness Of LTC's Attorneys' Fees. ..................................5

    C.    In The Alternative, The Circuit Court Should Award LTC Its Attorney's Fees In The Federal Action, Which Were Reasonably Incurred.......................................................7

IV. CONCLUSION............................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Lively v. Wild Oats Mkts., Inc.*,
  456 F. 3d 933 (9th Cir. 2006) ...............................................................3

**California Cases**

*Hsu v. Abbara*,
  9 Cal. 4th 863 (1995) ...........................................................................5

**Federal Statutes**

28 U.S.C.
  § 1444..................................................................................................2

**California Statutes**

California Civil Code
  § 1717..................................................................................................4

**Other Authorities**

Rule 39-1.6.............................................................................................6

Rule 39-1.8.............................................................................................1

# I.    INTRODUCTION

Pursuant to Circuit Rule 39-1.8, Appellee LTC (BVI) Limited ("LTC") submits this Motion to transfer consideration of LTC's request for contractual attorneys' fees, as the prevailing party on appeal, to the Northern District of California (the "District Court"), from where this appeal was taken by Appellant BraunHagey & Borden LLP ("BHB").  That rule provides in full:

> Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.

Circuit Rule 39-1.8.

Transferring the consideration of attorneys' fees to the District Court, before the Honorable Yvonne Gonzalez Rogers, will conserve judicial resources.  Judge Rogers is more familiar with BHB's improper removal based on meritless contractual claims and procedural gamesmanship through which BHB has caused LTC to incur thousands of dollars in unnecessary attorneys' fees and achieved a 15-month delay in the prosecution of this case.  Much of that background is not within the record on appeal, and Judge Rogers will thus be better suited to assess and award reasonable attorneys' fees.

In the alternative, the Circuit Court should award LTC its attorneys' fees incurred on BHB's improper removal and meritless appeal.  Those fees, which total

$119,175.50, were reasonably incurred as set forth in more detail in the accompanying Declaration of Sanjeet S. Ganjam ("Ganjam Dec").

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Appellee is the prevailing party in this appeal, having obtained a complete dismissal of BHB's improvident appeal of the District Court's order remanding the case to the Superior Court of California, County of San Francisco for improper removal in violation of the forum-defendant rule.  (ECF Dkt. No. 36-1.)

By way of background, on May 4, 2022 LTC filed a complaint for common-law negligence against the law firm of BHB in the Superior Court of the State of California, BHB's home state.  (ER 159-171.)  Among other things, LTC alleged that BHB failed to exercise reasonable care to safeguard its confidential communications with LTC, which allowed perpetrators to impersonate BHB staff to steal approximately $2.8 million from LTC.  (ER 160-161.)

BHB improperly removed the case to federal court (ER 151-157), and LTC promptly moved for remand under the forum-defendant rule codified in 28 U.S.C. § 1444 (ER 72-87). The District Court (Honorable Yvonne Gonzalez Rogers) granted remand on that basis, rebuking BHB for its unmeritorious removal and warning BHB that its removal "could have resulted in the award of attorneys' fees." (ER 10.)

Despite those facts—*i.e.*, Defendant BHB is a California citizen that was sued in California state court under California law for negligence that took place in California—BHB appealed the district court's order to this Circuit, arguing that LTC supposedly waived its right to sue in state court. (ER 202.) In support of its waiver argument, BHB bizarrely invoked a forum-selection clause in a Stock Purchase Agreement entered into between LTC and a third party (the "SPA"), to which BHB was <u>not</u> a party or third party beneficiary, and, crucially, one that makes <u>no reference to exclusive federal jurisdiction</u>. (ECF Dkt. No. 11 (Appellant's Opening Brief); ER 195, § 6.15). Rather, the contract entitled the parties to sue in the state courts of California "<u>or</u>" the U.S. District Court of the Northern District of California. *Id*. This is what the district court found when it remanded the case. (ER 7-11.) The explicit permissiveness of the clause, allowing a party to sue in state court, is why the district court seriously considered sanctioning BHB. (ER. 10 ("The motion could have resulted in the award of attorney's fees").)

In parallel, BHB moved to stay the state court action during the pendency of this appeal, which was granted. Ganjam Dec ¶ 7. The effect of that stay was to further delay discovery in this case, which should have proceeded in parallel with the pendency of this appeal because discovery would have been necessary even if BHB had prevailed on its appeal and removed the case to Federal court. *Id*.

3

On July 27, 2023, this Circuit rejected BHB's waiver argument a second time, issuing a Memorandum finding that the Circuit Court had no jurisdiction over the appeal "because ***the district court properly remanded the case pursuant to the forum-defendant rule***, which is a 'non-jurisdictional defect'" (citing *Lively v. Wild Oats Mkts., Inc.*, 456 F. 3d 933, 942 (9th Cir. 2006)).  (ECF Dkt. No. 36-1.) (emphasis added).

## III.  ARGUMENT

### A.  LTC Is Entitled To Recovery Of Its Attorneys' Fees Incurred In The Federal Action.

BHB having unsuccessfully invoked rights under the SPA in this action, LTC is therefore entitled to recovery of attorneys' fees as the prevailing party on the SPA and California Civil Code section 1717.  Section 6.8 of the SPA provides that the prevailing party in a dispute is entitled to recover its attorneys' fees:

> 6.8 Expenses. . . . ***If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, . . .  the prevailing party shall be entitled to reasonable attorney's fees***, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

Ganjam Dec, Ex. A (SPA), p. 17 (emphsis added).[1]  Thus, under California Civil Code section 1717 ("Section 1717"), LTC is entitled to recover attorneys' fees from

---

[1] The copy of the SPA that BHB submitted in support of its removal and that is found in the Excerpts of Record before this Circuit Court is a heavily redacted excerpt of the SPA that conspicuously omits the attorneys' fee provision.  Accordingly, in support of this Motion, LTC has submitted a copy of the SPA (without its voluminous exhibits) as Exhibit A to the Ganjam Dec.

4

BHB as an item of costs - even though BHB is not a party to the SPA - because BHB has asserted rights under the forum selection clause of the SPA. That Code section provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, ***whether he or she is the party specified in the contract or not***, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717 (Emphasis added.) Section 1717 has been interpreted under California case law as creating a reciprocal right to attorneys' fees "even when the party prevails on grounds that the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed." *Hsu v. Abbara*, 9 Cal. 4th 863, 870 (1995) (emphasis added).

LTC asked BHB to stipulate that determination of prevailing party attorneys' fees be deferred until the resolution of the state action, with all rights reserved by both sides, but BHB refused to so stipulate. Ganjam Dec ¶ 9. BHB is therefore likely to have argued that LTC waived its right to recover fees incurred on BHB's improper removal had LTC not brought the instant motion.

## B.    The District Court Is Better Positioned To Evaluate The Reasonableness Of LTC's Attorneys' Fees.

The Circuit Court should transfer consideration of attorneys' fees to the District Court as it is in a better position to evaluate and assess the reasonableness

of the fees sought by LTC (given the repeated, meritless procedural machinations by BHB that have delayed the prosecution of this case now by over 15 months). For example, immediately after filing its Petition for Removal, BHB filed a Motion for Judgment on the Pleadings (the "MJOP") with the District Court. (ER 108-128.) LTC told BHB that it was going to seek remand, which it did, and asked BHB to stipulate to continue the hearing on the MJOP until after the District Court ruled on LTC's Motion to Remand. (ER 88-98.) BHB refused, thereby causing substantial unnecessary work for LTC, including preparing and filing an administrative motion to continue the hearing on the MJOP and preparing an opposition to the MJOP in the event that the District Court did not agree to continue the hearing. Ganjam Dec ¶ 4. The District Court ultimately granted the administrative motion and took the hearing on the MJOP off-calendar until it resolved the issue of whether BHB's removal was improper. (ER 51-53.) In its order, the District Court specifically stated that BHB's refusal to stipulate to a routine request for continuance was "not well taken" and described BHB's tactics as "improper gamesmanship." (ER 51.) BHB's gamesmanship ultimately caused LTC to incur thousands of dollars of unnecessary attorneys fees. Ganjam Dec ¶ 4.

6

**C.   In The Alternative, The Circuit Court Should Award LTC Its Attorney's Fees In The Federal Action, Which Were Reasonably Incurred.**

If, however, the Circuit Court is not inclined to transfer the consideration of attorneys' fees to the District Court, the Court should, in the alternative, award the attorneys' fees incurred by LTC on BHB's improper removal (including fees incurred on this appeal). Those fees, which total $58,577.50 at the District Court level and $60,598.00 on this appeal, are reasonable, as further discussed in the accompanying Form 9 Application for Attorneys' Fees under Circuit Rule 39-1.6 and Declaration of Sanjeet S. Ganjam submitted herewith.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Circuit Court should transfer consideration of attorneys' fees to the District Court, or in the alternative, award LTC its attorneys' fees totaling $119,175.50.

DATED: August 24, 2023                SHARTSIS FRIESE LLP


By:   _/s/ Sanjeet S. Ganjam_
           Sanjeet S. Ganjam

*Attorneys for Plaintiff-Appellee*
*LTC (BVI) Limited*

---

[2] The fees requested herein do not include the fees incurred by LTC for preparing this Motion and fee request. Those fees are not determinable at this time because those fees have not yet been billed to LTC and LTC has not yet incurred those fees. LTC reserves its right to submit a supplemental declaration/request for those fees.

## **CERTIFICATE OF SERVICE**

I am employed in the county of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Shartsis Friese LLP, One Maritime Plaza, Eighteenth Floor, San Francisco, California 94111.

I hereby certify that I electronically filed the foregoing Appellee's Answering Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 24, 2023.

I declare that I am a member of the Bar of this Court at whose direction the service was made.

Executed on August 24, 2023, in San Francisco, California.


By:     */s/ Sanjeet S. Ganjam*
        Sanjeet S. Ganjam

10034446