Case No. 22-16252

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**LTC (BVI) LIMITED,**
*Plaintiff/Appellee,*

*v.*

**BRAUNHAGEY & BORDEN LLP,**
*Defendant/Appellant.*

On Appeal from the United States District Court for the Northern District of California, Case No. 4:22-cv-03481-YGR, the Honorable Yvonne G. Rogers

**DECLARATION OF SANJEET S. GANJAM IN SUPPORT OF APPELLEE LTC (BVI) LIMITED'S QUALIFIED OPPOSITION TO APPELLANT'S MOTION FOR EXTENSION OF TIME TO OPPOSE APPELLEE'S MOTION TO TRANSFER CONSIDERATION OF ATTORNEYS' FEES TO THE DISTRICT COURT**

**SHARTSIS FRIESE LLP**
Joel Zeldin (Bar #51874)
JZeldin@sflaw.com
Frank Cialone (Bar # 172816
FCialone@sflaw.com
Sanjeet S. Ganjam (Bar #285615)
SGanjam@sflaw.com

One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111-3598
Telephone: (415) 421-6500; Facsimile: (415) 421-2922

*Attorneys for Plaintiff/Appellee LTC (BVI) Limited*

I, Sanjeet S. Ganjam, declare:

1.     I am an attorney at law licensed to practice before this Court and all courts of the State of California.  I am a Partner at Shartsis Friese LLP, counsel of record for Plaintiff and Appellee LTC (BVI) Limited ("Plaintiff" or "LTC") in the above-entitled action against Defendant and Appellant BraunHagey & Borden LLP ("BHB").  I submit this declaration in support of LTC's qualified opposition to BHB's Motion for Extension of Time to oppose LTC's pending Motion to Transfer Consideration of Attorneys' Fees to the District Court, or in the alternative, Request for Attorneys' Fees.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify thereto under oath.

2.     BHB's request for an unreasonably lengthy extension to oppose a straightforward motion to transfer consideration of attorneys' fees to the District Court is yet another delay tactic, which the District Court is all too familiar with. LTC does not oppose a reasonable extension of the opposition deadline to September 14, 2023, but contends that any further extension beyond that is unreasonable and not justified by the actions of BHB and its counsel in this matter.

3.     On May 4, 2022 LTC filed a complaint for common-law negligence against the law firm of BHB in the Superior Court of the State of California, BHB's home state and forum (the "Complaint").  (ER 159-171.)  BHB improperly removed the Complaint to federal court (ER 151-157), and LTC promptly moved for remand

under the forum-defendant rule codified in 28 U.S.C. § 1444 and sought attorneys' fees for the improper removal under 28 U.S.C. § 1447(c). (ER 72-87.) The U.S. District Court (Honorable Yvonne Gonzalez Rogers) granted remand pursuant to the forum-defendant rule, rebuking BHB for its unmeritorious removal and warning BHB that its removal "could have resulted in the award of attorneys' fees." (ER 10.)

4.      BHB nonetheless proceeded to file a meritless appeal to this Court and obtained a stay of the state court proceeding pending the outcome of this appeal. The effect of that stay was to further delay discovery in this case, which should have proceeded in parallel with the pendency of this appeal because discovery would have been necessary even if BHB had prevailed on its appeal and removed the case to Federal court.

5.      On July 27, 2023, this Circuit rejected BHB's waiver argument a second time, issuing a Memorandum finding that the Circuit Court had no jurisdiction over the appeal "because the district court properly remanded the case pursuant to the forum-defendant rule, which is a 'non-jurisdictional defect…'" (citing *Lively v. Wild Oats Mkts., Inc.,* 456 F. 3d 933, 942 (9th Cir. 2006)). (ECF Dkt. No. 36-1.)

6.      On August 21, 2023, on behalf of LTC, I asked BHB to stipulate that determination of prevailing party attorneys' fees (under a contract that BHB asserted as the basis for its improper removal) be deferred until the final adjudication of the

state action, with all rights reserved by both sides. Attached hereto as **Exhibit A** is a true and correct copy of my correspondence with BHB's counsel. BHB ignored that email. As stated in that email, LTC sought to avoid an argument that it waived its right to seek recovery of attorneys' fees at the District Court and the Ninth Circuit Court of Appeal by failing to make that request at this time. Ex. A, p. 4. My email asked BHB to respond by August 23, 2023 because LTC's Request for Attorneys' Fees was due on August 24, 2023. *Id*.

7.     Towards the end of day on August 24, 2023, LTC filed its Motion to Transfer Consideration of Attorneys' Fees to the District Court, or in the alternative, Request for Attorneys' Fees (the "Motion to Transfer"), having heard nothing from BHB. ECF Dkt. No. 39.

8.     At 5:37 p.m. on August 24, 2023, BHB's counsel, Ronald Fisher, emailed me to confirm that he would stipulate as requested by LTC and asked that LTC withdraw its Motion to Transfer. Ex. A, p. 3. Mr. Fisher claimed that he had purportedly drafted a response to LTC's request for a stipulation re attorneys' fees, but that "response was inadvertently hung up in [his] drafts." *Id*. Mr. Fisher emailed the next day, before LTC had an opportunity to confer with its client on withdrawing the Motion to Transfer and respond, to ask for an extension to oppose the Motion until September 26, 2023, citing the Labor Day holiday and depositions in an antitrust matter that he was handling. *Id*. at 2-3.

9.    On August 28, 2023, I responded by offering to withdraw the Motion to Transfer on the following terms:

> We will agree to withdraw the Motion if (1) you will agree to a written stipulation that entitlement to attorneys' fees for the federal portion of this litigation (both at the District Court and the Court of Appeals levels) is deferred until the conclusion of the litigation at the State Court trial level (subject to your reservations below), and (2) you will reimburse us for the attorneys' fees for preparing and filing our motion incurred after the time by when we asked you to provide a response to our proposal (Noon on Wednesday, August 23). We estimate those fees will total approximately $12,500. Those fees could have been avoided if you had timely responded to our request for a stipulation, and we will not impose that unnecessary expense on our client.

*Id*. at 2. On August 29, 2023 at 2:47 p.m., Mr. Fisher wrote back with a one-sentence email--"We decline"--which presumably included the request for a written stipulation that would have avoided the need for the Motion to Transfer. *Id*. at 1.

10.    That same day at 4:21 p.m., I wrote back offering to stipulate to a shorter extension until September 14, which would have given BHB nearly two weeks after the Labor Day holiday to respond to the Motion to Transfer. *Id*.

11.    Ignoring that proposal, BHB proceeded to file its Motion for Extension of Time, ***which falsely represents to the Court*** that LTC supposedly did not respond to BHB's request for an extension and attaches a conspicuously incomplete version of my email exchange with Mr. Fisher that omits my proposal that the parties enter into a written stipulation. ECF Dkt. No. 40.

12.    Then at 5:39 p.m. that same day, perhaps in a clumsy effort to create a more favorable exhibit for himself, Mr. Fisher responded to his own email from

earlier in the day claiming that he had not seen my 4:21 p.m. email before filing BHB's Motion for Extension of Time. Attached hereto as **Exhibit B** is a true and correct copy of my email exchange with Mr. Fisher.

13.    On August 30, 2023, I asked Mr. Fisher to correct his misstatement to the Court that LTC had supposedly not responded to his request for an extension by disclosing and/or submitting the communications from me regarding a stipulation and my email offering a courtesy extension. Attached hereto as **Exhibit C** is a true and correct copy of my email exchange with Mr. Fisher. Mr. Fisher's response is found in Exhibit C, which we disagree with.

14.    It is not my intention to deny courtesies to busy counsel, but given Mr. Fisher's track record of leveraging courtesy extensions to delay the prosecution of this case and prejudice my client, I could not stipulate to a one-month extension to respond to a straightforward motion that could have been avoided in its entirety with a timely agreement to stipulate before LTC incurred approximately $12,500 in attorneys' fees to prepare and file its Motion to Transfer.

///

///

///

///

///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This Declaration was executed on August 30, 2023 in San Francisco, California.

_/s/ Sanjeet S. Ganjam_
Sanjeet S. Ganjam

EXHIBIT A

**Ing, Janis L.**

| | |
|---|---|
| **From:** | Ganjam, Sanjeet S. |
| **Sent:** | Tuesday, August 29, 2023 4:21 PM |
| **To:** | Ron Fisher |
| **Cc:** | Zeldin, Joel; Cialone, Frank |
| **Subject:** | RE: LTC v. BHB - Attorneys' fees |

**\*\*\* EXTERNAL MESSAGE \*\*\***

In that case, and as a professional courtesy, we can agree to extend your time to respond to the motion to September 14. Your request for a one-month period to file an opposition to a straightforward motion is excessive and we view it in the context of your previous attempts to delay every aspect of this case. My clients are eager to get this resolved.

If you truly believe that you need more time than that, I would suggest a stipulation to transfer consideration of attorneys' fees to the District Court, which as a practical matter will give you more time because we will need to re-notice the motion in the District Court.

Sanjeet

Sanjeet S. Ganjam (He/Him)
SHARTSIS FRIESE LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111
(415) 773-7275
(415) 421-2922 (f)
(831) 332-0008 (c)
sganjam@sflaw.com

**From:** Ron Fisher <Fisher@braunhagey.com>
**Sent:** Tuesday, August 29, 2023 2:47 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

**[Caution - External Email. Do not click on links or open attachments unless you recognize the sender and know the content is safe.]**

Sanjeet,

We decline.

Regards,

Ronald J. Fisher
B R A U N **H A G E Y** & B O R D E N L L P

1

Direct:  (415) 429-4539
Cell:  (628) 200-1809

---

**From:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Sent:** Monday, August 28, 2023 4:16 PM
**To:** Ron Fisher <Fisher@braunhagey.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

**\*\*\* EXTERNAL MESSAGE \*\*\***

Ron -

We will agree to withdraw the Motion if (1) you will agree to a written stipulation that entitlement to attorneys' fees for the federal portion of this litigation (both at the District Court and the Court of Appeals levels) is deferred until the conclusion of the litigation at the State Court trial level (subject to your reservations below), and (2) you will reimburse us for the attorneys' fees for preparing and filing our motion incurred after the time by when we asked you to provide a response to our proposal (Noon on Wednesday, August 23).  We estimate those fees will total approximately $12,500.  Those fees could have been avoided if you had timely responded to our request for a stipulation, and we will not impose that unnecessary expense on our client.

Sanjeet

Sanjeet S. Ganjam (He/Him)
SHARTSIS FRIESE LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111
(415) 773-7275
(415) 421-2922 (f)
(831) 332-0008 (c)
sganjam@sflaw.com

---

**From:** Ron Fisher <Fisher@braunhagey.com>
**Sent:** Friday, August 25, 2023 6:37 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

**[Caution - External Email. Do not click on links or open attachments unless you recognize the sender and know the content is safe.]**

Gentlemen,

I take from your lack of response that LTC intends to proceed with the motion.

Given that, we write to request an extension of our time to oppose to September 26, which is necessitated by the Labor Day holiday and extensive deposition practice in an antitrust case we are handling in the Northern District.  Please let us know by COB Monday if we can so stipulate. Otherwise, we will move for the extension.

Thanks,

Ronald J. Fisher
**B R A U N** **H A G E Y** **& B O R D E N L L P**
Direct:  (415) 429-4539
Cell:  (628) 200-1809

---

**From:** Ron Fisher <Fisher@braunhagey.com>
**Sent:** Thursday, August 24, 2023 5:37 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

We were surprised to see this filing because I believed I had confirmed our waiver of a timeliness argument. I then investigated and realized that my below response was inadvertently hung up in my drafts.  Please let me know if you would consider withdrawing the motion at this time and reserving this issue for the close of the case—which is the likely result here anyway.

Best,

Ron

Ronald J. Fisher
**B R A U N** **H A G E Y** **& B O R D E N L L P**
Direct:  (415) 429-4539
Cell:  (628) 200-1809


--

Sanjeet,

We are amenable to reserving this issue for the close of the case. For clarity, we are only waiving any argument as to the timeliness of your fee application, and reserve all rights as to LTC's substantive right to fees and the availability of fee shifting to the parties, including the enforceability of the clause against BHB.

Regards,

Ronald J. Fisher
**B R A U N** **H A G E Y** **& B O R D E N L L P**
Direct:  (415) 429-4539
Cell:  (628) 200-1809

**From:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Sent:** Monday, August 21, 2023 10:41 PM
**To:** Ron Fisher <Fisher@braunhagey.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** LTC v. BHB - Attorneys' fees

**\*\*\* EXTERNAL MESSAGE \*\*\***

Ron -

As noted in our cost memorandum, LTC intends to seek recovery of its attorneys' fees incurred in the federal action.  LTC is the party prevailing on the Stock Purchase Agreement ("SPA") pursuant to which BHB unsuccessfully sought removal to the Northern District of California.  Section 6.8 of the SPA provides that the prevailing party in a dispute is entitled to recover its attorneys' fees:

> 6.8 Expenses. . . . If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, . . .  the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

Under California Civil Code section 1717, LTC is entitled to recover attorneys' fees from BHB as an item of costs - even though BHB is not a party to the SPA - because BHB has asserted rights under the forum selection clause of that contract.  That Code section provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, ***whether he or she is the party specified in the contract or not***, shall be entitled to reasonable attorney's fees in addition to other costs." This section has been interpreted under California case law as creating a reciprocal right to fees "***even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent***, if the other party would have been entitled to attorney's fees had it prevailed."  *Hsu v. Abbara*, 9 Cal. 4th 863, 870 (1995) (emphasis added).

We are, however, willing defer the fee application until the resolution of the state action and seek fees for both the state and federal actions at one time, provided you agree not to challenge such future application as untimely or procedurally improper because LTC did not bring the application at the conclusion of the federal action.  Of course, we will in turn agree that any other arguments you might have in opposition to the fee application are reserved.

Please let us know by Wednesday, August 23 at Noon if you will agree as outlined above.  If we do not hear from you by then, we will proceed with filing a Motion for Attorneys' Fees under Circuit Rule 39-1.6 and/or a Request for Transfer Consideration of Attorneys' Fees under Circuit Rule 39-1.8.

Sanjeet

Sanjeet S. Ganjam (He/Him)
SHARTSIS FRIESE LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111
(415) 773-7275
(415) 421-2922 (f)
(831) 332-0008 (c)
sganjam@sflaw.com

EXHIBIT B

**Ing, Janis L.**

| | |
|---|---|
| **From:** | Ron Fisher <Fisher@braunhagey.com> |
| **Sent:** | Tuesday, August 29, 2023 5:39 PM |
| **To:** | Ganjam, Sanjeet S. |
| **Cc:** | Zeldin, Joel; Cialone, Frank |
| **Subject:** | RE: LTC v. BHB - Attorneys' fees |
| **Attachments:** | RE: LTC v. BHB - Attorneys' fees |

**[Caution - External Email. Do not click on links or open attachments unless you recognize the sender and know the content is safe.]**

Sanjeet,

I've been in meetings since 4:00 and see that we received the attached email finally responding to our request. As I think you have likely seen, our motion for an extension to October 5 has already been filed. Your offer of September 14 is insufficient, so I suppose the Court will rule on the motion. If you change your mind and are willing to stipulate to the extension and avoid the need to oppose and for the Court to adjudicate the motion, please let me know.

Thanks,

Ronald J. Fisher
B R A U N **H A G E Y** & B O R D E N L L P
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ron Fisher
**Sent:** Tuesday, August 29, 2023 2:48 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

The courtesy of a response would be appreciated.

Regards,

Ronald J. Fisher
B R A U N **H A G E Y** & B O R D E N L L P
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ron Fisher
**Sent:** Friday, August 25, 2023 6:37 PM
**To:** 'Ganjam, Sanjeet S.' <SGanjam@sflaw.com>

**Cc:** 'Zeldin, Joel' <jzeldin@sflaw.com>; 'Cialone, Frank' <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

I take from your lack of response that LTC intends to proceed with the motion.

Given that, we write to request an extension of our time to oppose to September 26, which is necessitated by the Labor Day holiday and extensive deposition practice in an antitrust case we are handling in the Northern District.  Please let us know by COB Monday if we can so stipulate. Otherwise, we will move for the extension.

Thanks,

Ronald J. Fisher
B R A U N **H A G E Y** & B O R D E N   L L P
Direct:  (415) 429-4539
Cell:  (628) 200-1809

---

**From:** Ron Fisher <Fisher@braunhagey.com>
**Sent:** Thursday, August 24, 2023 5:37 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

We were surprised to see this filing because I believed I had confirmed our waiver of a timeliness argument. I then investigated and realized that my below response was inadvertently hung up in my drafts.  Please let me know if you would consider withdrawing the motion at this time and reserving this issue for the close of the case—which is the likely result here anyway.

Best,

Ron

Ronald J. Fisher
B R A U N **H A G E Y** & B O R D E N   L L P
Direct:  (415) 429-4539
Cell:  (628) 200-1809

--

Sanjeet,

We are amenable to reserving this issue for the close of the case. For clarity, we are only waiving any argument as to the timeliness of your fee application, and reserve all rights as to LTC's substantive right to fees and the availability of fee shifting to the parties, including the enforceability of the clause against BHB.

Regards,

Ronald J. Fisher
**B R A U N H A G E Y & B O R D E N L L P**
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Sent:** Monday, August 21, 2023 10:41 PM
**To:** Ron Fisher <Fisher@braunhagey.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** LTC v. BHB - Attorneys' fees

**\*\*\* EXTERNAL MESSAGE \*\*\***

Ron -

As noted in our cost memorandum, LTC intends to seek recovery of its attorneys' fees incurred in the federal action. LTC is the party prevailing on the Stock Purchase Agreement ("SPA") pursuant to which BHB unsuccessfully sought removal to the Northern District of California. Section 6.8 of the SPA provides that the prevailing party in a dispute is entitled to recover its attorneys' fees:

> 6.8 Expenses. . . . If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, . . . the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

Under California Civil Code section 1717, LTC is entitled to recover attorneys' fees from BHB as an item of costs - even though BHB is not a party to the SPA - because BHB has asserted rights under the forum selection clause of that contract. That Code section provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, ***whether he or she is the party specified in the contract or not***, shall be entitled to reasonable attorney's fees in addition to other costs." This section has been interpreted under California case law as creating a reciprocal right to fees "***even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent***, if the other party would have been entitled to attorney's fees had it prevailed." *Hsu v. Abbara*, 9 Cal. 4th 863, 870 (1995) (emphasis added).

We are, however, willing defer the fee application until the resolution of the state action and seek fees for both the state and federal actions at one time, provided you agree not to challenge such future application as untimely or procedurally improper because LTC did not bring the application at the conclusion of the federal action. Of course, we will in turn agree that any other arguments you might have in opposition to the fee application are reserved.

Please let us know by Wednesday, August 23 at Noon if you will agree as outlined above. If we do not hear from you by then, we will proceed with filing a Motion for Attorneys' Fees under Circuit Rule 39-1.6 and/or a Request for Transfer Consideration of Attorneys' Fees under Circuit Rule 39-1.8.

Sanjeet

Sanjeet S. Ganjam (He/Him)
SHARTSIS FRIESE LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111
(415) 773-7275

(415) 421-2922 (f)
(831) 332-0008 (c)
sganjam@sflaw.com

# EXHIBIT C

**Ing, Janis L.**

---

| | |
|---|---|
| **From:** | Ron Fisher <Fisher@braunhagey.com> |
| **Sent:** | Wednesday, August 30, 2023 11:50 AM |
| **To:** | Ganjam, Sanjeet S. |
| **Cc:** | Zeldin, Joel; Cialone, Frank |
| **Subject:** | RE: LTC v. BHB - Attorneys' fees |

**[Caution - External Email. Do not click on links or open attachments unless you recognize the sender and know the content is safe.]**

---

Sanjeet,

There are no misstatements in our filing. The email you identify was in response to a separate discussion as to whether you would withdraw the motion, and your suggestion otherwise is inaccurate.

To the extent that you intend to accuse a fellow member of the bar of misrepresenting facts to the Court because my declaration was handed off to our staff for filing before your belated response to our repeated inquiries was received—on the deadline for our motion established by Circuit Rule 31-2.2, no less—we cannot stop you from doing so. Having worked in that courthouse, I do not believe such accusations are likely to be well-received, but you will conduct yourself as you see fit.

Regards,

Ronald J. Fisher
**B R A U N H A G E Y & B O R D E N L L P**
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Sent:** Wednesday, August 30, 2023 10:20 AM
**To:** Ron Fisher <Fisher@braunhagey.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

**\*\*\* EXTERNAL MESSAGE \*\*\***

Your motion contains false representations to the Court, including that we supposedly did not respond to your email asking for an extension. Even setting aside my 4:21 p.m. to you, you conspicuously created a new email chain that excluded our proposal to you that you reimburse our fees in exchange for withdrawal of the Motion (which would have mooted the need for an extension). Either you can correct this misstatement to the Court, or we will bring it to the Court's attention ourselves. Please confirm whether you will do so by Noon today.

---

**From:** Ron Fisher <Fisher@braunhagey.com>
**Sent:** Tuesday, August 29, 2023 5:39 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>

1

**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

**[Caution - External Email. Do not click on links or open attachments unless you recognize the sender and know the content is safe.]**

Sanjeet,

I've been in meetings since 4:00 and see that we received the attached email finally responding to our request. As I think you have likely seen, our motion for an extension to October 5 has already been filed. Your offer of September 14 is insufficient, so I suppose the Court will rule on the motion. If you change your mind and are willing to stipulate to the extension and avoid the need to oppose and for the Court to adjudicate the motion, please let me know.

Thanks,

Ronald J. Fisher
B R A U N **H A G E Y** & B O R D E N L L P
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ron Fisher
**Sent:** Tuesday, August 29, 2023 2:48 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

The courtesy of a response would be appreciated.

Regards,

Ronald J. Fisher
B R A U N **H A G E Y** & B O R D E N L L P
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ron Fisher
**Sent:** Friday, August 25, 2023 6:37 PM
**To:** 'Ganjam, Sanjeet S.' <SGanjam@sflaw.com>
**Cc:** 'Zeldin, Joel' <jzeldin@sflaw.com>; 'Cialone, Frank' <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

I take from your lack of response that LTC intends to proceed with the motion.

Given that, we write to request an extension of our time to oppose to September 26, which is necessitated by the Labor Day holiday and extensive deposition practice in an antitrust case we are handling in the Northern District. Please let us know by COB Monday if we can so stipulate. Otherwise, we will move for the extension.

Thanks,

Ronald J. Fisher

**B R A U N** **H A G E Y** **&** **B O R D E N LLP**
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ron Fisher <Fisher@braunhagey.com>
**Sent:** Thursday, August 24, 2023 5:37 PM
**To:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** RE: LTC v. BHB - Attorneys' fees

Gentlemen,

We were surprised to see this filing because I believed I had confirmed our waiver of a timeliness argument. I then investigated and realized that my below response was inadvertently hung up in my drafts. Please let me know if you would consider withdrawing the motion at this time and reserving this issue for the close of the case—which is the likely result here anyway.

Best,

Ron

Ronald J. Fisher

**B R A U N** **H A G E Y** **&** **B O R D E N LLP**
Direct: (415) 429-4539
Cell: (628) 200-1809


--

Sanjeet,

We are amenable to reserving this issue for the close of the case. For clarity, we are only waiving any argument as to the timeliness of your fee application, and reserve all rights as to LTC's substantive right to fees and the availability of fee shifting to the parties, including the enforceability of the clause against BHB.

Regards,

Ronald J. Fisher

**B R A U N** **H A G E Y** **&** **B O R D E N LLP**
Direct: (415) 429-4539
Cell: (628) 200-1809

---

**From:** Ganjam, Sanjeet S. <SGanjam@sflaw.com>
**Sent:** Monday, August 21, 2023 10:41 PM
**To:** Ron Fisher <Fisher@braunhagey.com>

**Cc:** Zeldin, Joel <jzeldin@sflaw.com>; Cialone, Frank <FCialone@sflaw.com>
**Subject:** LTC v. BHB - Attorneys' fees


**\*\*\* EXTERNAL MESSAGE \*\*\***

Ron -

As noted in our cost memorandum, LTC intends to seek recovery of its attorneys' fees incurred in the federal action.  LTC is the party prevailing on the Stock Purchase Agreement ("SPA") pursuant to which BHB unsuccessfully sought removal to the Northern District of California.  Section 6.8 of the SPA provides that the prevailing party in a dispute is entitled to recover its attorneys' fees:

> 6.8 Expenses. . . . If any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, . . .  the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled.

Under California Civil Code section 1717, LTC is entitled to recover attorneys' fees from BHB as an item of costs - even though BHB is not a party to the SPA - because BHB has asserted rights under the forum selection clause of that contract.  That Code section provides that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, ***whether he or she is the party specified in the contract or not***, shall be entitled to reasonable attorney's fees in addition to other costs." This section has been interpreted under California case law as creating a reciprocal right to fees "***even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent***, if the other party would have been entitled to attorney's fees had it prevailed."  *Hsu v. Abbara*, 9 Cal. 4th 863, 870 (1995) (emphasis added).

We are, however, willing defer the fee application until the resolution of the state action and seek fees for both the state and federal actions at one time, provided you agree not to challenge such future application as untimely or procedurally improper because LTC did not bring the application at the conclusion of the federal action.  Of course, we will in turn agree that any other arguments you might have in opposition to the fee application are reserved.

Please let us know by Wednesday, August 23 at Noon if you will agree as outlined above.  If we do not hear from you by then, we will proceed with filing a Motion for Attorneys' Fees under Circuit Rule 39-1.6 and/or a Request for Transfer Consideration of Attorneys' Fees under Circuit Rule 39-1.8.

Sanjeet

Sanjeet S. Ganjam (He/Him)
SHARTSIS FRIESE LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111
(415) 773-7275
(415) 421-2922 (f)
(831) 332-0008 (c)
sganjam@sflaw.com